UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| FRIENDS OF THE BOUNDARY MOUNTAINS, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES ARMY CORPS OF ENGINEERS, et al., <br><br> Defendants, <br><br> TRANSCANADA MAINE WIND DEVELOPMENT, INC., <br><br> Defendant-Intervenor. | ) <br> ) <br> ) <br> ) <br> ) <br> )  Docket no. 1:12-cv-357-GZS <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**ORDER ON PLAINTIFF'S MOTION FOR
CONSIDERATION OF EVIDENCE NOT IN THE RECORD**

Before the Court is Plaintiff's Motion For Consideration Of Evidence Not In The Record With Attached Memorandum ("Plaintiff's Motion"). As explained herein, the Court DENIES Plaintiff's Motion (ECF No. 18).

**I.    BACKGROUND**

Plaintiff, Friends of the Boundary Mountains ("FBM"), challenges a permit issued to Defendant-Intervenor TransCanada Maine Wind Development, Inc. ("TransCanada") by Defendant the U.S. Army Corps of Engineers ("Corps") to allow the expansion of the Kibby Wind Power Project, called the Kibby Expansion Project. Specifically, through Plaintiff's Complaint For Injunctive And Declaratory Relief (ECF No. 1), Plaintiff asserts causes of action under the Clean Water Act, 33 U.S.C. § 1344, the Migratory Bird Act, 16 U.S.C. § 703, and the Bald Eagle and Golden Eagle Protection Act, 16 U.S.C. § 668. Each cause of action asserted by

Plaintiff is subject to review under the Administrative Procedures Act, 5 U.S.C. §§ 701-706 ("APA").

In accordance with the APA, on March 15, 2013, the Corps filed the Administrative Record of the Corps' permit decision for the TransCanada Maine Wind Development Project. (See Notice Of Lodging Of The Admin. R. (ECF No. 15).)  On May 10, 2013, Plaintiff filed the present motion.  Through Plaintiff's Motion, Plaintiff requests that the Court supplement the Administrative Record with fourteen documents that were not part of the record before the Corps on the grounds that the Corps acted in bad faith towards Plaintiff and because the Court cannot conduct an effective judicial review in the absence of these additional materials.

## II.     LEGAL STANDARD

A court's review of final agency action under the APA is to be based on "the whole record or those parts of it cited by a party." 5 U.S.C. § 706.  In accordance with this standard, "review of administrative decisions is ordinarily limited to consideration of the decision of the agency and of the evidence on which it was based." Olsen v. United States, 414 F.3d 144, 155 (1st Cir. 2005) (internal quotations and citations omitted).  A court should limit its review to "the administrative record already in existence, not some new record made initially in the reviewing court."  Id. (citing Camp v. Pitts, 411 U.S. 138, 142 (1973)).  Moreover, the administrative record before the Court need not include documents that were not reviewed by the administrative agency in reaching its decision.  See, e.g., Town of Norfolk v. U.S. Army Corps of Engineers, 968 F.2d 1438, 1455-57 (1st Cir. 1992); Nw. Bypass Grp. v. U.S. Army Corps of Engineers, 06-CV-00258 JAW, 2007 WL 1447687, at *3 (D.N.H. May 14, 2007) (providing that "[t]he administrative record need not include documents the agency has never seen.").  In addition, the agency's "designation of the Administrative Record, like any established administrative

procedure, is entitled to a presumption of administrative regularity." Bar MK Ranches v. Yuetter, 994 F.2d 735, 740 (10th Cir. 1993) (stating that the court "assumes the agency properly designated the Administrative Record absent clear evidence to the contrary.").

The First Circuit recognizes that "[s]upplementing the administrative record on judicial review is therefore the exception, not the rule, and is discretionary with the reviewing court." Town Of Winthrop v. F.A.A., 535 F.3d 1, 14 (1st Cir. 2008).  The First Circuit recognizes two situations where a court may supplement the record.  See id.  First, a court may, but it is not required to, supplement the record "where there is a strong showing of bad faith or improper behavior by agency decision makers."  Olsen, 414 F.3d at 155 (internal citations and quotations omitted).  Second, a court may supplement the record "where there is a failure to explain administrative action [so] as to frustrate effective judicial review."  Id. at 155-56 (quoting Camp, 411 U.S. at 142-43).

## II. DISCUSSION

Plaintiff asserts that the Court should supplement the Administrative Record in this case based on the bad faith of the Corps and the need to supplement the record to enable effective judicial review.  Before turning to those arguments, the Court will briefly address the completeness of the Administrative Record.

### A. Administrative Record

On March 14, 2013, the Corps filed the Administrative Record with the Court.  (See ECF No. 15.)  On that same date, the Corps certified that the documents filed "compose[d] the full and complete administrative record for the [] Corps permit decision." (Certification of Admin. R. (ECF No. 15-1) ¶ 3.)  This certification is "entitled to a presumption of administrative regularity." Bar MK Ranches, 994 F.2d at 740.

Plaintiff does not argue that the Administrative Record filed by the Corps is incomplete, nor does Plaintiff argue that the fourteen documents were part of the Administrative Record before the Corps.  Instead, Plaintiff states that the fourteen documents were part of the Maine Department of Conservation Land Use Regulatory Commission's ("LURC") administrative record when the LURC reviewed TransCanada's application for a separate state permit.  Plaintiff then claims that the Corps relied on the LURC's findings for much of its decision-making and that the processes of the Corps and the LURC were intertwined.  Accordingly, Plaintiff argues that it is "disingenuous" for the Corps not to include the proffered materials in the Administrative Record.  (See Pl.'s Mot. at 5.)

Plaintiff's protestations fall short of the legal standard.  In Northwest Bypass Group v. U.S. Army Corps of Engineers, the court considered a similar argument.  06-CV-00258 JAW, 2007 WL 1447687 (D.N.H. May 14, 2007).  In that case, the plaintiffs wanted to supplement the administrative record before the court with documents that the plaintiffs argued the Corps should have considered in reaching its permitting decision where those documents had been considered by a state agency during the state's review of the process.  Id. at *1.  The court declined to supplement the record and noted that the state process "was separate and distinct from the Corps'[] administrative process" and that "[t]he administrative record need not include documents the agency has never seen." Id. at **3-4.  Similarly here, there is no evidence that the proffered materials were part of the record before the Corps.  It would contravene the standard established for administrative review to include materials in the Administrative Record that the Corps did not have in front of it.

### B.     Bad Faith

To establish bad faith, Plaintiff must make "a strong showing of bad faith or improper behavior" on the part of the Corps. Olsen, 414 F.3d at 155. Plaintiff claims that there are three components to the Corps' bad faith in this case.

First, Plaintiff points to a series of emails between a member of FBM, Bob Weingarten, and Jay Clement of the Corps. (See Feb. 27, 2012 E-mail from Bob Weingarten to Jay Clement (ECF No. 18-2).) In the email chain, Mr. Weingarten forwarded an email to Mr. Clement regarding a U.S. Fish and Wildlife Service review letter about the Sisk Wind Project and in that same email also asked for guidance regarding the public comment process for the TransCanada permit. (See id.) Mr. Clement replied that he had not received the review letter. He did not respond regarding the public comment process. Plaintiff attributes the failure to respond to bad faith. From the correspondence, however, it is not clear whether Mr. Weingarten is seeking guidance regarding the review letter, the comment period, or both from Mr. Clement. In any case, the Court declines to read bad faith into a potentially inadvertent failure to respond.

Second, Mr. Weingarten purportedly called Mr. Clement in April of 2012 and attempted to submit the materials to the Corps that Plaintiff now seeks to add to the Administrative Record. According to Plaintiff's Motion, in that conversation, Mr. Weingarten was told by Mr. Clement that the public comment period was closed. (Pl.'s Mot. at 4.) In support of these allegations, Plaintiff submitted two documents: (1) The Public Notice for the public comment period regarding the TransCanada project (ECF No. 18-3), which indicates a public comment deadline of August 27, 2012, and (2) The August 4, 2010 Commission Decision In the Matter of TransCanada Maine Wind Development, Inc. Denial of Development Permit DP 4860 (ECF No. 18-4). Neither of those documents provides any information regarding a conversation between

Mr. Weingarten and Mr. Clement. Accordingly, Plaintiff has failed to present any evidence regarding a conversation between Mr. Weingarten and Mr. Clement in April of 2012. Plaintiff also uses these same documents to argue that the Corps improperly failed to open a second comment period after TransCanada revised its application. Plaintiff has made no argument that the failure to open a second comment period is in contravention of the APA or the CWA or any other legal basis for the Court to consider this argument.

Third, Plaintiff claims that Jennifer Gray of Maine Audubon attempted to submit comments to the Corps in May of 2012 but was told by Mr. Clement that the comment period had closed in 2010. When Ms. Gray pursued the matter, Mr. Clement told her that there was an opportunity to submit comments, but not on Bicknell's thrush.[1] In support of these allegations, Plaintiff submitted two emails from Ms. Gray sent to other individuals and advocacy organizations. (See ECF Nos. 18-5 & 18-6.) Those emails relay Ms. Gray's recollection of the conversation with Mr. Clement and consist largely of hearsay.[2] (See id.) In response to the allegations, the Corps submitted the Declaration of Jay Clement. (See Declaration of Jay Clement (ECF No. 23-1).) Mr. Clement recalls advising Ms. Gray that despite the fact that the public comment period had closed, the Corps would consider any information provided to it before a final permit decision was made. (Id. ¶ 14.) Regarding the Bicknell's thrush, a state-listed species of concern, Mr. Clement advised that the Corps' primary area of expertise related to waters and wetlands and that accordingly the Corps would "give significant weight to the

---

[1] Plaintiff characterizes the email between Ms. Gray and Mr. Clement as follows: "When Ms. Gray pursued the matter with Mr. Clement, he eventually relented, but informed her that she could not submit comments on Bicknell's thrush." (Pl.'s Mot. at 4.) However, Ms. Gray's email relaying the conversation belays Plaintiff's characterization. The email from Ms. Gray stated that: "He told me that despite his previous email there is an opportunity to submit comments and they would be considered. However, their review is limited to wetlands impact and not issues of state jurisdiction including Bicknell's thrush." (ECF No. 18-5.)

[2] Although one of Ms. Gray's emails refers to a previous email between herself and Mr. Clement, Plaintiff failed to provide that evidence. (See ECF No. 18-5.)

determinations [made] by Maine Department of Inland Fisheries and Wildlife on the subject." (Id. ¶ 15.)  Contrary to Plaintiff's arguments, the interactions between Ms. Gray and Mr. Clement do not show that Mr. Clement engaged in "manipulative acts."  (See Pl.'s Mot. at 4.)  Instead, the emails together with the Clement Declaration show that the Corps communicated the date of the end of the comment period, that information could still be submitted, and that the Corps would defer to state agencies on areas outside of its expertise.  In short, Plaintiff has failed to substantiate its allegations of bad faith or manipulative tactics on the part of the Corps. Therefore, the Court declines to supplement the Administrative Record based on the argument of bad faith.

### C.   Effective Judicial Review

The First Circuit recognizes a second situation where a court may supplement the record. A court may supplement the record "where there is a failure to explain administrative action [so] as to frustrate effective judicial review."  Olsen, 414 F.3d at 155-56 (quoting Camp, 411 U.S. at 142-43).  Plaintiff argues that because the LURC process and the Corps process were intertwined and the Administrative Record does not contain the full record before the LURC, "it will be difficult, if not impossible, for t[he] Court to analyze" the Corps' decision without the fourteen materials submitted by Plaintiff.  (Pl.'s Mot. at 5.)  As stated previously, the LURC process and the Corps process were distinct, and it is the record before the Corps that is material to the Court's review.  See Northwest Bypass Group, 2007 WL 1447687 at **3-4.  Plaintiff also asserts that Corps staff attended a LURC hearing, and some of the materials were read at the hearing. That Corps staff may have been exposed to some of the materials via a public, state hearing does not show that the Administrative Record is bare and that the Court will be unable to effectively review the Corps' permit decision based on the certified Administrative Record.

7

Plaintiff has made no showing that the documents submitted are necessary for effective judicial review of the Corps' decision on the permit. Instead, Plaintiff provides only a brief description of each of the proffered materials and a perfunctory statement of the relevance of the document to Plaintiff's opposition to the permit. Plaintiff does not assert that the materials are necessary to explain highly technical or complex information or that the record is so bare as to preclude effective judicial review. For example, with regard to one document, Plaintiff states:

> Pre-Filed Direct Testimony and Post-Hearing Rebuttal Testimony of C. Diane Boretos, dated 4/20/2010 and 5/29/2010 respectively, with Exhibits, on behalf of FBM in DP 4860. Boretos is Principal Biologist, Call of the Wild Consulting and Environmental Services. This testimony clarifies wildlife impacts and refutes arguments that were used extensively by the Corps in the EA/404 process. Ex. 23, 24.

(Pl.'s Mot. at 8-9.) Beyond the brief description, Plaintiff provides only that the document will refute an argument used by the Corps and thus eventually support Plaintiff's opposition to the issuance of the permit by the Corps. That is not a sufficient reason to supplement the record. Finally, Plaintiff states that "[t]he proffered documents bolster and explain other documents in the record directly related to the issue of impacts on Golden eagles and on the habitat of the Bicknell's thrush by [the Kibby Expansion Project]." (Id. at 9.) The Court will not permit the record to be supplemented in order to bolster or explain other documents. The Court finds that Plaintiff has failed to show that the Administrative Record before the Court is insufficient to explain the Corps' permit decision. Therefore, the Court finds that Plaintiff has failed to sustain its burden to show that the Administrative Record requires supplementation.

## V.   CONCLUSION

For the reasons explained herein, Plaintiff's Motion For Consideration Of Evidence Not In The Record With Attached Memorandum (ECF No. 18) is DENIED.

SO ORDERED.

                                                /s/ George Z. Singal
                                                United States District Judge

Dated this 28th day of August, 2013.